UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| NATHAN MICHAEL GLOYD, | : | |
| Debtor | : | CHAPTER 13 |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | CASE NO. 1:26-BK-00581-HWV |
| | : | |
| NATHAN MICHAEL GLOYD, | : | |
| Respondent | : | |

<u>TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN</u>

AND NOW, this 30th day of July 2026 comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1.      Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Even Plans that pay a 100% dividend to unsecured creditors are required to pay the monthly Means Test minimum amount, unless the Plan pays a 100% dividend to unsecured creditors and interest is paid to unsecured creditors at the federal judgment interest rate. See *In re Park,* 369 B.R. 205 (Bankr. M.D. Pa. 2007) and *In re Barnes,* 528 B.R. 501 (Bankr. S.D. Ga. 2015).

2.      Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid – 100%. (based on means test minimum). The Plan will need to pay at least $177,666.00 when interest to general unsecured creditors is included.

3.      Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

   a. Debtor(s) has not provided to Trustee copies of the 2025 federal income tax returns as required by § 521(e)(2)(A).

b.  Verification of the Debtor's employment which is to start in 2027.


WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a.  Deny confirmation of Debtor(s)' Plan.
b.  Dismiss or convert Debtor(s)' case.
c.  Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Douglas R. Roeder
For Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 30th day of July 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:


KARA K GENDRON
MOTT & GENDRON LAW
125 STATE STREET
HARRISBURG, PA 17101-


/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee

3